IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA MUSSARI,** | : | No. 3:07cv948 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **JERMYN BOROUGH, and** | : | |
| **THE UNITED STATES DEPARTMENT** | : | |
| **OF AGRICULTURE, NATURAL** | : | |
| **RESOURCES CONSERVATION** | : | |
| **SERVICE,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant United States Department of Agriculture, Natural Resources Conservation Service's ("the Agency") motion to dismiss the plaintiff's complaint (Doc. 2). Having been fully briefed and argued, the matter is ripe disposition.

**Background**

This case originated in the Court of Common Pleas of Lackawanna County, Pennsylvania. The original complaint named only the Borough of Jermyn ("the Borough") as a defendant. (Brief in opposition to defendant's motion to dismiss (Doc. 4) (hereinafter "brief in opposition") at 2). According to the plaintiff, the Borough alleged that the United States Department of Agriculture, Natural Resources Conservation Service was an indispensable party to the suit. (Id.). The

Court of Common Pleas agreed, and allegedly ordered plaintiff to file an amended complaint.[1]

Plaintiff's amended complaint, filed in the Court of Common Pleas on May 4, 2007, alleges that a storm water drainage system owned and controlled by the Borough and adjacent to plaintiff's property caused "serious and progressive structural damage" to that property. (Amended Complaint (Doc. 1-3) at § 4). Sometime between 1980 and 1981, the Defendant Agency constructed a 42-inch pipe through a portion of plaintiff's residential property. (Id. at § 5). Though the damage to plaintiff's home did not occur until after the Borough built its storm water drainage system in 2001, plaintiff's complaint alleges that she could not determine whether that damage was the result of the actions of one or both of the defendants. (Id. at § 6). Nevertheless, plaintiff avers that the Borough and the Agency, by "artificially collecting and discharging . . . water in a concentrated fashion on and about the lands of the Plaintiff" amounted to "a series of continuing trespasses and a continuing nuisance and injury to the Plaintiff." (Id. at §§ 7-8). Plaintiff seeks a permanent injunction preventing further discharge of storm water onto her property, an order directing defendants to restore plaintiff's property at their expense and damages and attorney's fees. (Id. at § 10).

After plaintiff filed her amended complaint, the Agency filed a notice of

---

[1] Documents supplied by the plaintiff from the Court of Common Pleas indicate that the court did not order the addition of the Agency as a party, but instead granted a request of the plaintiff to add that party. (See Memorandum and Order (Doc. 12)).

2

removal with this court. (See Doc. 1). On June 14, 2007, the Agency filed a motion to dismiss the amended complaint (Doc. 2), with which the Borough concurred. Both sides briefed and argued the issue, bringing the case to its present posture.

**Jurisdiction**

Because the United States is a defendant in this tort action, we have jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), which establishes that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." We have supplemental jurisdiction to hear plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

When a defendant "move[s] to dismiss a complaint under Rule 12(b)(1) for failure to allege subject matter jurisdiction we treat the allegations of the complaint as true and afford the plaintiff the favorable inferences to be drawn from" it. N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001). Two types of challenges to a court's subject matter jurisdiction exist, those that "attack the complaint on its face" and those "that attack the existence of subject mater jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A "factual" attack contends

that "the court lacks subject matter jurisdiction, no matter what the complaint alleges." N.E. Hub Partners v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001). In a facial attack, "the court must consider the allegations of the complaint as true." Mortensen, 549 F.2d at 891. When the attack is a factual one, the issue "the trial court's jurisdiction–its very power to hear the case–[and] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to existence of its power to hear the case." Id. In such cases, the plaintiff's claims are not presumed true and the plaintiff bears "the burden of proof that jurisdiction does in fact exist." Id., see also Nesbitt v. Gears Unlimtied, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (holding that "[i]f an aspect of a claim concerns jurisdiction, and when jurisdiction turns on whether a particular fact is true as here (as opposed to whether the complaint sufficiently alleges jurisdiction on its face), a court may inquire into the jurisdictional facts without viewing the evidence in a light favorable to either party.").

**Discussion**

Defendant argues that we should dismiss the case on two grounds. We will address each in turn.

### i. The Agency Cannot be Sued *Eo Nomine*

The Agency argues that the principles of sovereign immunity prevent the United States government from being sued without explicit consent of federal statute. In addition, the Agency insists, a subdivision of the United States cannot be

sued in its own name (*eo nomine*) without Congressional approval.  Since the United States has not made the Agency liable to tort suits separately from the United States, defendant contends that the case against it must be dismissed.  Plaintiff does not respond directly to this argument, and we will treat this portion of the motion as unopposed.  See L.R. 7.6 (establishing "any party opposing any motion shall file a responsive brief . . . [and] [a]ny respondent who fails to comply with this rule shall be deemed not to oppose such motion.").  If plaintiff can meet the exhaustion requirements of the Federal Tort Claims Act discussed below, her amended complaint should name the United States rather than the Agency as a party.

### ii.  Plaintiff Did Not Exhaust Administrative Remedies

The Agency also argues that the complaint should be dismissed because plaintiff has failed to meet the exhaustion requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et cet*.  Under that Act, the Agency claims, a plaintiff must file a tort claim with the relevant administrative agency before bringing suit in district court.  Here, plaintiff did not file an administrative claim until after filing suit against the Agency.  Since the exhaustion requirement is a jurisdictional prerequisite, defendant claims, plaintiff may not maintain the instant suit.

Under the FTCA, "'[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.'" Roma v. United States, 344 F.3d 352, 362 (3d Cir.

2004) (quoting 28 U.S.C. § 2401(b)). The FTCA also establishes that a plaintiff may not bring an action against the United States based on negligent or wrongful acts of an employee "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Id. (quoting 28 U.S.C. § 2675(a)). Therefore, because of "the clear, mandatory language of the statute, and our strict construction of the limited waiver of sovereign immunity by the United States, we have held that the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Id. Similarly, "[b]ecause the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. Nat'l State Bank, 879 f.2d 1186,1194 (3d Cir. 1989).

The FTCA provides an exception to this exhaustion requirement, however. Section 2675(a) of Chapter 28 of the United States Code provides that "[t]he provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Third party practice in United States federal courts is governed by Federal Rule of Civil Procedure 14. Under that rule, "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim

6

against the third-party plaintiff." FED. R. CIV. P. 14(a).  The rule also allows the plaintiff in the original action to "assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Id.  Federal courts have agreed that the exhaustion requirement need not be met for third-party defendants.  See, e.g. Thompson v. Wheeler, 898 F.2d 406, 410 (3d Cir. 1990) (holding that a third-party plaintiff's "failure to file an administrative claim as ordinarily required by 28 U.S.C. § 2675(a) is not a bar to a third party complaint.").

While plaintiff is not a third-party plaintiff against the Agency and would thus not appear to qualify for this exception, she asserts that she qualifies.  The Agency is not a party to the suit because of a third party complaint raised by the Borough, but plaintiff insists that the circumstances of the case make the Agency's presence equivalent to that of a third-party defendant.  Plaintiff argues that the Agency appeared in the lawsuit after a court in Pennsylvania concluded that it was an indispensable party.  Plaintiff, rather than the Borough, added the Agency to the complaint as a matter of administrative convenience.  The plaintiff thus contends that we should treat the Agency as a third-party defendant and allow the case to continue in this court.

Two problems exist with this contention, however.  First, plaintiff is not, like the defendant in Wheeler, a party sued in federal court who seeks to include the United States government as a third party in a complaint.  She does not seek to add that

7

additional defendant because liability in the case may apply to the United States as well as to her. Instead, plaintiff here added another defendant to her original complaint who she claims is additionally liable for the injury the Borough allegedly caused. Since the third party plaintiff exception is meant to protect a defendant who otherwise could not bring a legitimate tort claim against the United States as a third party because of the exhaustion requirement, the exception does not apply to this case.[2]

Second, an examination of Judge Mazzoni's decision in state court indicates that the inclusion of the Agency as a party to the suit did not come for the reasons claimed by plaintiff in her brief. Instead, plaintiff filed a motion to amend the complaint and include the on Agency October 22, 2006. See Memorandum and Order, Filed April 17, 2007 in the Lackawanna County Court of Common Pleas (Doc. 12) at 17. Plaintiff's motion apparently came after the Defendant Borough asserted in deposition testimony that the pipe the Agency laid in 1982 contributed to the water damage to plaintiff's house. The inclusion of the Agency in the case, then, came not because of a court's insistence or a third-party complaint by the Borough, but because the plaintiff concluded that an additional defendant was necessary. Indeed,

---

[2]Courts have found that a plaintiff's direct claims against an additional party do not qualify for the exception under Section 2675(a). See Rosario v. American Export-Imbrandtsen Lines, 531 F.2d 1227, 1233 (3d Cir. 1976) (dismissing a complaint for lack of exhaustion of administrative remedies when a plaintiff's "complaint against the United States was not a *third-party* complaint but rather was a *direct*, in effect *original*, complaint by the plaintiff against the third-party defendant.").

8

Judge Mazzoni concluded that "[t]his Court is at a loss as to why the Plaintiff wishes to add [the Agency] as an additional party . . . [since] Plaintiff's Complaint identifies the 'culprit' of her problems to be the entity which installed the stormwater drainage system, i.e. Defendant Borough."[3]  (Id.).  Nevertheless, the court concluded that plaintiff had met the procedural requirements for filing an amended complaint, and granted the plaintiff's motion.  (Id. at 19-20).  As a result, even if we were inclined to agree with plaintiff's argument about the influence of a state court order to add an additional party on the exhaustion requirement, we would find that plaintiff's addition of the Agency does not qualify in this case.  Plaintiff herself determined that the Agency should be added and requested to do so.  As such, she must exhaust the administrative requirement before bringing suit.

Because plaintiff has not exhausted her administrative remedies as required by the Federal Tort Claims Act, we will grant the defendants' motion to dismiss on this point.  In addition, if the federal claims in a case are dismissed prior to trial, the

---

[3]The court was unclear as to whether the Borough had actually alleged that the Agency was an indispensable party to the case, noting that "[t]he genesis of Plaintiff's request to add the USDAG appears to be in the Borough's Reply to Plaintiff's Petition to Add a De Facto Condemnation Claim.  In the Borough's brief, the Borough alleges:
> The Commonwealth of Pennsylvania is an essential party to this lawsuit because it installed a forty-two (42") pipe underneath Calendar Gap Creek which, according to Plaintiff's Complaint, lies adjacent to her property." (Memorandum and Order (Doc. 12) at 18).

In a footnote, the court added that despite the Borough's assertion that the Commonwealth had installed the pipe, later discovery had revealed the Agency was the culprit.  (Id.).  Nevertheless, the court pointed out that "[i]f the Borough does contend, as an alternate defense, that water is coming from the 42 inch pipe, it could have joined USDAG as an additional party or otherwise have raised an indispensable party challenge by way of a preliminary objection to the original Complaint."  (Id. at 17).

state claims should be dismissed as well. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966). We will therefore dismiss plaintiff's state law claims. We will not, however, dismiss the claim with prejudice. If plaintiff can provide proof that she has exhausted her administrative remedy against the agency, she could re-file her suit in this court.

**Conclusion**

For the above stated reasons, we will grant defendants' motion to dismiss the complaint. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA MUSSARI,** | : | No. 3:07cv948 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **JERMYN BOROUGH, and** | : | |
| **THE UNITED STATES DEPARTMENT** | : | |
| **OF AGRICULTURE, NATURAL** | : | |
| **RESOURCES CONSERVATION** | : | |
| **SERVICE,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 31st day of October 2007, defendants' motion to dismiss the plaintiff's complaint (Doc. 2) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

                                             **BY THE COURT:**

                                             **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**